UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA DIGITAL NETWORK,
         Plaintiff,

-vs-                                                Case No. 6:06-cv-674-Orl-18DAB

FLORIDA PUBLIC SERVICE
COMMISSION,
LISA POLAK EDGAR,
J. TERRY DEASON,
ISILIO ARRIAGA,
MATTHEW M. CARTER, III,
KATRINA J. TEW,
SPRINT-FLORIDA, INC., n/k/a Embarq
Florida, Inc.,
         Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Transfer Venue to the Northern District of Florida and Supporting Memorandum of Law (Doc. 27, filed July 31, 2006), to which Plaintiff responded in Opposition (Doc. 29, filed August 18, 2006). Plaintiff Florida Digital Network ("Plaintiff") filed this case in the Middle District of Florida against Defendants Florida Public Service Commission and its individual Commissioners (Chairman Lisa Polak Edgar, J. Terry Deason, Isilio Arriaga, Matthew M. Carter, III, and Katrina J. Tew) (collectively, "the Commission") and Embarq Florida, Inc. (formerly Sprint-Florida, Inc.) ("Embarq") (collectively, "Defendants"), alleging that Defendants have violated the Telecommunications Act of 1996, 47 U.S.C. §§ 151 *et seq.* ("the Telecommunications Act"), an Act designed to open local telephone markets to competition. After reviewing the

motions and memoranda filed by the parties, the Court **GRANTS** the motion and **ORDERS** this case **TRANSFERRED** to the Northern District of Florida, Tallahassee Division.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Eleventh Circuit has outlined factors that a district court may look at when evaluating whether or not to transfer under section 1404. These factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). While these factors may be looked at by the Court, the final decision as to transfer is within the discretion of the Court. See In re Ricoh Corp., 870 F.2d 570, 573 n.5 (11th Cir. 1989) ("In general, the district court has discretion to grant or deny a motion to transfer under section 1404(a)."); see also S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC, No. 03-cv-708-J-32MMH, 2006 WL 948055, at *4 (M.D. Fla. Apr. 12, 2006) ("While the Court may recognize a number of factors relevant to transfer, ultimately, the resolution of the question is for the Court's discretion.") (quoting Cortez v. First City Nat. Bank of Houston, 735 F. Supp. 1021, 1023 (M.D. Fla. 1990)).

"[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."[1] In re Ricoh Corp., 870 F.2d at 573. "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (11th Cir. 1981)). While it was proper for Plaintiff to initially bring this suit in either the Middle District of Florida or the Northern District of Florida, at this time the Court holds that Defendants have met their burden in showing that the Northern District of Florida is more convenient.

Defendants have brought before this Court compelling reasons why this suit should be heard in the Northern District of Florida, Tallahassee Division. First, the official residence of the Florida Public Service Commission is in Tallahassee (in the Northern District of Florida). Second, the administrative hearings conducted by the Commission, which are the impetus for this action, were conducted in Tallahassee. Finally, and perhaps the strongest reason for transferring venue, every other case that has been brought challenging the Commission's interpretation and implementation of the Telecommunications Act has been brought in the Northern District of Florida. This includes 27 other cases challenging the Commission, including one filed by Plaintiff (styled Case No. 4:03-CV-282-RH). While venue is proper in either the Middle District or Northern District of Florida, these facts sway the Court to place this suit in the venue where all the other suits regarding this subject matter (i.e., challenging the

---

[1] However, Defendants do not have "the burden of demonstrating the § 1404 transfer is warranted with sworn proof" as Plaintiff claims in its Memorandum of Law in Opposition to Defendants' Motion to Transfer Venue. (Doc. 29 at 10.) The Eleventh Circuit has never held as such, and this Court declines to do so now.

Commission's interpretation of the Telecommunications Act) have been filed: the Northern District of Florida, Tallahassee Division.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Transfer Venue to the Northern District of Florida, Tallahassee Division, is **GRANTED**.

**DONE and ORDERED** in Orlando, Florida on this ___28___ day of August, 2006.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties